$350.00   **LDD**



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT & VICTORIA KIRGIN, h/w | Case Number |
| Plaintiffs | |
| | CIVIL COMPLAINT |
| vs. | |
| APOTHAKER & ASSOCIATES, P.C. | JURY TRIAL DEMANDED |
| Defendant | |

**FILED**

OCT - 8 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Robert & Victoria Kirgin, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Robert & Victoria Kirgin, h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

copies mailed 10/12/10

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiffs reside here.

## III. PARTIES

4. Plaintiffs, Robert & Victoria Kirgin, h/w, are adult natural persons residing at 3647 Friar Road, Philadelphia, PA 19154. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Apothaker & Associates, P.C. at all times relevant hereto, is and was a business entity engaged in the business of collecting debt in this Commonwealth, with a principal place of business located at 520 Fellowship Road # C306, Mount Laurel, NJ 08054-3410.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. At all times pertinent hereto, Defendant was hired by Arrow Financial Services, LLC to collect a debt relating to consumer credit card purchases that were allegedly originally owed to HSBC.

8. In a letter dated April 13, 2010 mailed by Plaintiff, Robert Kirgin, he requested debt validation and also asked Defendant to cease all future telephone contact directed at his home or place of employment. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

9. Several months later in a letter dated June 7, 2010, Defendant provided the requested debt validation to Plaintiff, Robert Kirgin. See a copy of the letter appended hereto and marked "**EXHIBIT B**".

10. Defendant's response labeled "VERIFICATION OF DEBT" is an acknowledgement of Plaintiff, Robert Kirgin's request for the aforementioned debt validation as well as his request for all further telephone communication to cease.

11. From August 3, 2010 to August 25, 2010, Defendant called Plaintiffs home nine (9) times in an attempt to coerce payment of the debt, with the intent to annoy, abuse and harass such persons contacted.

12. The approximate dates, times and telephone numbers of the above referenced phone calls are as follows:

-August 6, 2010 at 11:58 AM from 800-672-0215
-August 16, 2010 at 1:55 PM from 800-672-0215
-August 18, 2010 at 12:44 PM from 877-580-9780
-August 18, 2010 at 3:10 PM from 877-580-9780
-August 19, 2010 at 11:38 AM from 856-780-1000
-August 23, 2010 at 3:00 PM from 877-580-9780
-August 23, 2010 at 7:03 PM from 800-672-0215
-August 24, 2010 at 7:34 PM from 877-580-9780
-August 25, 2010 from 856-780-1000

13. Plaintiff, Victoria Kirgin answered the phone call placed by Defendant on August 24, 2010 and Defendant's agent, "Jenna" asked to speak with Plaintiff, Robert Kirgin.

14. Plaintiff, Victoria Kirgin informed "Jenna" that her husband was not available and "Jenna" left a message for Plaintiff, Robert Kirgin, asking him to return her call.

15. During the August 25, 2010 phone call answered by Plaintiff, Victoria Kirgin, Defendant's agent "Todd Cook" asked to speak with Plaintiff, Robert Kirgin, and said that his phone call was "extremely important" and "tell him do not ignore this phone call like he has with the others."

16. Plaintiff, Victoria Kirgin explained that "Jenna" called just one day prior and Plaintiff, Robert Kirgin would need some time to return the call, to which "Todd Cook" simply responded, "Tell him it's urgent!"

17. Defendant has deliberately ignored Plaintiff, Robert Kirgin's request for Defendant to cease and desist all contact via telephone and continues to call even months after the receipt of his letter.

18. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

19. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant as acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiffs herein.

## COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant, Apothaker & Associates, P.C. was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(c):   After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication
>
> § 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer
>
> § 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendant, Apothaker & Associates, P.C. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

25. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

26. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

27. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

28. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

29. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

30. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

31. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

32. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

33. The foregoing paragraphs are incorporated herein by reference.

34. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

35. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

36. The actions of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

37. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

38. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 29, 2010

BY: */s/ Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire
BY: */s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff